UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARK J. ELKOWITZ, MD., P.C.,          :
                                       :
                   Plaintiff,          :
                                       :        **MEMORANDUM & ORDER**
         -against-                     :        17-CV-4663 (DLI) (PK)
                                       :
UNITEDHEALTHCARE OF NEW YORK, INC.,    :
                                       :
                   Defendant.          :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Mark J. Elkowitz, M.D., P.C. ("Plaintiff") commenced this action on May 5, 2016, in New York Supreme Court, Nassau County, against UnitedHealthcare of New York, Inc. ("Defendant" or "United"). Notice of Removal, Dkt. Entry No. 1 ¶ 1. On August 9, 2017, Defendant timely removed this action to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(b)(3), asserting federal question jurisdiction under 28 U.S.C. § 1331, based on the complete preemption of some or all of Plaintiff's state law claims by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367. Notice of Removal ¶¶ 6–8.

Plaintiff filed an Amended Complaint on November 9, 2018. Amended Complaint ("Am. Compl."), Dkt. Entry No. 32. Before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted. Motion to Dismiss for Failure to State a Claim ("Mot."), Dkt. Entry No. 38. As set forth below, Defendant's motion to dismiss is denied without prejudice.

## BACKGROUND

Plaintiff is a professional corporation consisting of hand and plastic and reconstructive

surgery physicians based in Nassau County, New York. Am. Compl. ¶ 1. Between January 1, 2012 and March 31, 2015, Plaintiff provided emergency healthcare services to individuals who Plaintiff alleges were covered under health insurance plans administered by Defendant. *Id.* ¶ 3. With respect to the individuals and plans at issue in this case, Plaintiff is an out-of-network or non-participating provider, meaning that Plaintiff has not contracted with United for reimbursement for medical services at a negotiated rate. *See*, *Id.* ¶ 6. However, non-participating providers like Plaintiff may accept assignments of benefits from members of health plans that authorize the health plan administrator to remit payment to the non-participating provider. *Id.* Plaintiff alleges that: (1) it accepted such assignments from individuals insured by Defendant; (2) its doctors provided healthcare services to Defendant's insureds valued at no less than $1,699,834.96; and (3) Defendant has compensated Plaintiff only in the amount of $696,844.66. *Id.* ¶ 7. Plaintiff claims Defendant owes it "no less than $998,886.30" in damages.[1] *Id.* ¶ 8.

With respect to the medical services Plaintiff provided to individuals insured under United plans governed by ERISA (the "ERISA plans"), Plaintiff alleges two causes of action: (1) failure to abide by the terms of a plan in violation of ERISA § 502(a)(1)(B); and (2) breach of fiduciary duty in violation of ERISA § 502(a)(3). Am. Compl. ¶¶ 10–33. Plaintiff also alleges six state law causes of action, including three breach of contract claims and causes of action for unjust enrichment, quantum meruit, and an accounting, relating to medical services it provided to individuals insured under United plans, insofar as these claims are not "within the scope of ERISA." *Id.* ¶¶ 35, 45. *Id.* ¶¶ 10–93.

On November 9, 2018, after an unsuccessful attempt at resolving the dispute through

---

[1] Plaintiff does not explain the discrepancy between the amount it claims it is owed ($998,886.30) and the difference between the amount which Defendant has paid Plaintiff ($696,844.66) and the alleged value of the medical services Plaintiff provided to Defendant's insureds ($1,699,834.96), which amounts to $1,002,990.30.

mediation, Plaintiff filed the Amended Complaint. Dkt. Entry Nos. 22, 32. Defendant moved to dismiss the Amended Complaint, filing along with its motion two declarations, 71 exhibits, and a Memorandum in Support ("Mem.") with four appendices. Dkt. Entry No 38. After the motion to dismiss was filed, the case was reassigned to this Court from the Hon. Joseph F. Bianco, then United States District Judge of this Court. Plaintiff opposed the motion. Memorandum in Opposition re Motion to Dismiss ("Opp'n"), Dkt. Entry No. 43. Defendant replied. Reply to Response to Motion ("Reply"), Dkt. Entry No. 48.

## DISCUSSION

### I.  Legal Standard

#### A.  Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also, Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### B. Consideration of Documents Outside the Complaint

Defendant appends dozens of exhibits to its Rule 12(b)(6) motion, including what it asserts are two lists of the "claims at issue in this litigation," categorized into separate tables for ERISA and non-ERISA plans, summary descriptions of the plans under which the patients treated by Plaintiff were insured, as well as a variety of the plan documents themselves. *See*, Declaration of Mabel S. Fairley and Exhibits, Dkt. Entry Nos. 38:1–71. Defendant also attaches to its motion two lists containing the names of patients treated by Plaintiff who Plaintiff claims were insured by Defendant, as well as several assignment forms, all of which Defendant's attorney attests were sent to Defendant by Plaintiff. Declaration of Michael H. Bernstein, Dkt. Entry Nos. 38:72–75. Additionally, Defendant filed four appendices to its memorandum of law that purport to summarize: (1) patients insured under ERISA plans from whom Plaintiff did not obtain assignments (Dkt. Entry No. 38:77); (2) relevant anti-assignment provisions in the ERISA plans (Dkt. Entry No. 38:78); (3) claims for which Plaintiff did not obtain an assignment under non-ERISA plans (Dkt. Entry No. 38:79); and (4) limitation of action provisions in the ERISA plans (Dkt. Entry No. 38:80).

Defendant maintains that the Court can consider the more than 10,000 pages of documents filed with its motion to dismiss in deciding that motion because Plaintiff's claims are "based upon" these documents. Mem. at 8. In in its Opposition, which, like the Amended Complaint itself, is accompanied by no documentation, Plaintiff asserts categorically and without citation that "a motion to dismiss is limited to the four corners of the pleadings." Opp'n at 3. Therefore, the Court must determine whether it may consider the declarations, exhibits, and appendices filed by Defendant in deciding the instant motion to dismiss.

As a general matter, a court's determination of a Rule 12(b)(6) motion is limited to the four

corners of the complaint. *See*, *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, "[c]onsideration of materials outside the complaint is not entirely foreclosed." *Id.* "A complaint is deemed to include any written instrument attached to it as an exhibit," "materials incorporated in it by reference," and "documents that, although not incorporated by reference, are integral to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations and quotations omitted). "To incorporate a document by reference, a complaint must make a clear, definite, and substantial reference to the document[]." *Serrata v. Givens*, 2019 WL 1597297, at *3 (E.D.N.Y. Apr. 15, 2019) (internal quotation marks and citations omitted). "The Second Circuit has stated that even 'limited quotation does not constitute incorporation by reference.'" *Id.* (quoting *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985)). A document is "integral" to the complaint where "the complaint relies heavily upon its terms and effect[.]" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citations omitted). "[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document . . . mere notice or possession is not enough." *Id.*

While the success or failure of Plaintiff's claims may hinge on the terms and conditions contained in the relevant health insurance plans, the Court is not permitted to consider the plans and other documents appended to Defendant's motion in deciding it because these documents are not attached to the complaint, integral to the complaint, or incorporated into it by reference. While Defendant asserts that it sent many of the plans at issue in the case to Plaintiff prior to the filing of the Amended Complaint, the Court cannot adopt this factual statement as true at this stage of the litigation. Mem. at 9; *See also*, *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) ("[A] district court errs when it . . . relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss."). Whether or not prior to filing the

5

Amended Complaint Plaintiff received many or most of the documents Defendant attached to its motion, "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion." *Chambers*, 282 F.3d at 153 (2d Cir. 2002); *See also*, *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 68 (2d Cir. 2008) ("[L]imited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint[.]") (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)). As Plaintiff does not rely upon the terms or effect of any of the voluminous documents attached to the motion to dismiss, these documents may not be considered in the context of Defendant's Rule 12(b)(6) motion to dismiss.

**(C)     Conversion to a Summary Judgment Motion Under Rule 12(d)**

Federal Rule of Civil Procedure 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment" under Federal Rule of Civil Procedure 56 ("Rule 56"), and that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Accordingly, the Second Circuit has instructed that "'when matters outside the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (quoting *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988)). Generally, a district court "must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering

6

matters outside the pleading." *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999). However, because "the essential inquiry is whether [plaintiff] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment," formal notice is not always required. *Id.*

Here, while attaching voluminous documents to its motion to dismiss, Defendant did not request to convert the Rule 12(b)(6) motion into a summary judgment motion. Notably, discovery has not been completed. As the Court has determined that it will not consider the extraneous documents attached to Defendant's Rule 12(b)(6) motion for the reasons discussed above, the Court need not consider conversion of the motion to one for summary judgment.

## II. Motion to Dismiss for Lack of Fair Notice Under Rule 8(a)(2)

At the same time that Defendant asks the Court to consider dozens of exhibits that it claims should govern the disposition of Plaintiff's claims against it, Defendant also moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") on the ground that it fails to provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Defendant argues that Plaintiff failed to avail itself of documents relating to its claims that were produced to it in discovery and, to the extent Plaintiff does specify the terms governing its agreement with Defendant, Plaintiff's allegations are contradicted by the documents it produced to Plaintiff. Mem. at 8–9. In response, Plaintiff contends that the Amended Complaint affords Defendant fair notice of the claims against it by alleging that Plaintiff "provided emergency health services to Defendant's insureds or members and that Defendant failed to pay properly for Plaintiff's services in accord with the applicable emergency, out of network benefits outlined in

the Defendant's health insurance plans," and it is not required to quote the terms of the applicable plans in its pleading. Opp'n at 3.

In reversing a district court's granting a Rule 12(b)(6) motion, the Second Circuit observed that, "[t]o keep the plausibility standard in perspective,"

> "we do well to keep in mind that just two weeks after deciding *Twombly*, the Supreme Court, reversing a Rule 12(b)(6) dismissal of a complaint, stated, 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.'"

*Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, 92 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Even if Plaintiff failed to include specific facts to which it had access in drafting the Amended Complaint, "specific facts are not necessary" to satisfy Rule 8(a)(2). *Pardus*, 551 U.S. at 93; *See also*, *Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp.2d 176, 193 (E.D.N.Y. 2010) (holding in breach of contract action that "[a] plaintiff need not plead every fact individually so long as it submits a short and plain statement of the claim showing that the pleader is entitled to relief.") (internal quotations omitted); *Murray Eng'g P.C. v. Remke*, 2018 WL 3773991, at *6 (S.D.N.Y. Aug. 9, 2018) ("sparse" allegations of breach of contract were sufficient to provide defendant with fair notice under Rule 8); *Comfort Inn Oceanside v. Hertz Corp.*, 2011 WL 5238658, at *6–7 (E.D.N.Y. Nov. 1, 2011) ("While the amended complaint is devoid of specifics . . . those specifics are not required in pleading a breach of contract action.").

Moreover, "the Second Circuit has cautioned that dismissal [on Rule 8 grounds] 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"). *Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp.3d 230, 235 (E.D.N.Y. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). Here, the Amended Complaint is not so general, confused, vague, ambiguous or

8

sparsely pled so as to leave Defendant without fair notice of the claims against it, necessitating wholesale dismissal of all claims. Accordingly, Defendant's motion to dismiss the Amended Complaint in its entirety for failure to comply with Rule 8(a)(2) is denied.

### III. Motion to Dismiss the ERISA Claims

Plaintiff's first and second causes of action arise under different subsections of ERISA, specifically, failure to abide by the terms of a plan under § 502(a)(1)(B) and breach of fiduciary duty under § 502(a)(3). Plaintiff asserts that it "has standing to pursue ERISA claims on its own behalf and on behalf of its patients by virtue of the assignments of benefits Plaintiff received from its patients." Am. Compl. ¶¶ 12, 28. Defendant argues that Plaintiff lacks a statutory cause of action with respect to ERISA plans under which Plaintiff did not receive a valid assignment of benefits. Mem. at 11–13.

Generally, only the parties set forth in ERISA § 502(a), namely "participants," "beneficiaries," or "fiduciaries" of a benefits plan, may sue to vindicate the statutory rights provided therein. *See*, 29 U.S.C. § 1132(a); *Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983)). However, the Second Circuit has carved out a "narrow exception" to this rule, allowing "physicians to bring claims under § 502(a) based on a valid assignment from a patient." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 361 (2d Cir. 2016) (citing *I.V. Servs. of Am., Inc. v. Trustees of Am. Consulting Eng'rs Council Ins. Trust Fund*, 136 F.3d 114, 117 n.2 (2d Cir. 1998)).

Plaintiff is not a participant, beneficiary, or fiduciary of an ERISA benefits plan. As such, Plaintiff's ability to assert its ERISA claims is contingent on Plaintiff having received valid assignments from individuals insured under ERISA plans issued by United. *See*, *Neuroaxis Neurosurgical Assocs., PC v. Costco Wholesale Co.*, 919 F. Supp.2d 345, 351 (S.D.N.Y. 2013)

9

("for an assignee to prevail on an ERISA claim . . . the assignee must establish the existence of a valid assignment that comports with the terms of the welfare benefits plan."). The validity of any assignments received by Plaintiff depends, at least in part, on the resolution of questions of fact, including: (1) the particular rights, if any, that Defendant's insureds assigned to Plaintiff; (2) whether the relevant plans allowed assignment under any circumstances; (3) whether Defendant consented to any assignments where such consent was required; or (4) if Defendant waived any applicable anti-assignment language in the ERISA plans. *See*, *Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253, 258 (2d Cir. 2015) ("Not all ERISA assignments convey the same rights."); *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.,* 857 F.3d 141, 147 (2d Cir. 2017) (acceptance of assignment was a "legal nullity" in the face of unambiguous anti-assignment provision).

The presence of disputed questions of fact regarding the existence, substance, and validity of any assignments Plaintiff received from Defendant's insureds precludes granting dismissal of the ERISA claims and requires targeted discovery. *See*, *Mbody Minimally Invasive Surgery, P.C. v. United Healthcare Ins. Co.*, 2016 WL 4382709, at *7 (S.D.N.Y. Aug. 16, 2016) (factual dispute as to validity of assignments precluded grant of motion to dismiss); *Neuroaxis*, 919 F. Supp.2d at 354 (allowing discovery on question of whether defendant consented to assignments); *Neuroaxis v. Aetna*, 11-cv-8350-DLC-JCF (S.D.N.Y. March 22, 2013), Dkt. Entry No. 62 (allowing discovery on issue of waiver of anti-assignment language in ERISA plans).

## IV. Motion to Dismiss State Law Causes of Action

As Defendant's motion to dismiss the Amended Complaint is denied so too is its motion to dismiss the state law claims over which the Court has supplemental jurisdiction.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is denied in its entirety and this case is referred to the magistrate judge for further proceedings, including settlement discussions and targeted discovery consistent with this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
 March 31, 2021

/s/
DORA L. IRIZARRY
United States District Judge