UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK J. ELKOWITZ, M.D., P.C.,                 :
                                              :
                    Plaintiff,                :
                                              :
        -against-                             :
                                              :         **SUMMARY ORDER**
UNITEDHEALTHCARE OF NEW YORK, INC.,           :         17-cv-4663 (DLI)(PK)
                                              :
                    Defendant.                :
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On March 31, 2021, the Court denied Defendant UnitedHealthcare of New York, Inc.'s ("Defendant") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. Entry No. 50. On April 19, 2021, Defendant filed a motion for reconsideration of the Court's March 31, 2021 order. *See*, Def.'s Mot. for Reconsideration ("Def.'s Mot."), Dkt. Entry No. 51-1. Plaintiff Mark J. Elkowitz, M.D., P.C. ("Plaintiff") opposed the motion. *See*, Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), Dkt. Entry No. 53. Defendant replied. *See*, Def.'s Rep. in Supp. of Def.'s Mot ("Def.'s Rep."), Dkt. Entry No. 54. For the reasons set forth below, Defendant's motion for reconsideration is denied.

**DISCUSSION**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "shall be served within fourteen (14) days after the entry of the court's determination of the original motion." Local Civ. R. 6.3.

As an initial matter, Defendant's motion is untimely. On March 31, 2021, the Court denied Defendant's motion to dismiss. Dkt. Entry No. 50. On April 6, 2021, the Honorable Peggy Kuo, U.S. Magistrate Judge of this Court, ordered Defendant to "answer or otherwise respond to the Amended Complaint by April 19, 2021." Electronic Order Dated April 6, 2021. The magistrate judge's order was silent as to a motion for reconsideration, and Defendant failed to seek an extension of time to file said motion. Instead, on April 19, 2021, Defendant belatedly filed its motion for reconsideration nineteen days after the Court's March 31, 2021 decision. Dkt. Entry No. 51. "As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases).

Notwithstanding the untimeliness of the motion, it is denied as without merit. Defendant "asks the Court to reconsider portions of the motion [to dismiss] where it appears the Court may have inadvertently overlooked or misapprehended Defendant's arguments." Def.'s Mot. at 1. In effect, Defendant simply reiterates its original arguments made in support of its motion to dismiss, which is not a proper basis for reconsideration.

Defendant relies on several cases, none of which constitute controlling law that require a different outcome. Defendant does not point to any change in controlling law. The Second Circuit cases presented are factually distinct, and the referenced district court cases, some of which are from outside this district, are not binding. Moreover, many of the cited cases were referenced in Defendant's original motion to dismiss.

Defendant also does not present any evidence the Court overlooked. Instead, Defendant argues that the Court should consider the more than 10,000 documents previously submitted in connection with its motion to dismiss. *See*, *Id.* at 8-20. Defendant does not provide controlling law or data, but merely disagrees with the Court as to the extent to which the Amended Complaint incorporates or relies on these outside documents. *Id.* Defendant's arguments previously were made in its motion to dismiss and, therefore, are inappropriate on a motion for reconsideration. *See*, *Analytical Surveys, Inc.*, 684 F.3d at 52.

Finally, Defendant has not identified or demonstrated a need to prevent a manifest injustice or correct a clear error. Therefore, Defendant's motion for reconsideration is denied.

## **CONCLUSION**

As Defendant untimely moved for reconsideration and failed to demonstrate an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice, the motion for reconsideration is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       July 6, 2021

/s/
DORA L. IRIZARRY
United States District Judge
