UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK J. ELKOWITZ, MD., P.C., :
:
                    Plaintiff, : **MEMORANDUM AND ORDER**
: **ADOPTING**
    -against- : **REPORT & RECOMMENDATION**
: **17-cv-4663(DLI)(PK)**
UNITEDHEALTHCARE OF NEW YORK, INC., :
:
                    Defendant. :
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      This action asserting state law claims for breach of contract, unjust enrichment, quantum meruit, and account stated, stemming from alleged underpayments for health care services rendered to certain individuals covered under health benefit plans that UnitedHealthcare of New York, Inc. ("Defendant") administered between January 1, 2012 and December 27, 2012 was initiated with a summons filed in New York State Supreme Court, Nassau County ("state court") by Mark J. Elkowitz, M.D., P.C. ("Plaintiff"), a professional corporation of physicians. *See,* Notice of Removal ("Notice"), Dkt. Entry No. 1, ¶ 1. Then, on May 22, 2017, Plaintiff filed a complaint ("Complaint"). *Id.* ¶ 3; Summons and Complaint ("Compl."), Dkt. Entry No. 1-1. On August 9, 2017, Defendant timely removed the action to this Court. *See,* Notice ¶¶ 6-8.

      In November 2017, the parties agreed to a scheduling order setting February 28, 2018 as the deadline to commence any motions to amend the pleadings. *See,* Proposed Sched. Order, Dkt. Entry No. 10; Joint Ltr., Dkt. Entry No. 11, at 1; Electronic Order dated November 28, 2017. On November 9, 2018, months after the deadline to amend had expired, on Defendant's consent, Plaintiff filed a First Amended Complaint ("FAC") adding healthcare claims for services rendered between January 1, 2013 and March 31, 2015, an additional breach of contract claim and two claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). FAC, Dkt.

Entry No. 32, ¶¶ 3, 10–93; Ltr., Dkt. Entry No. 31.  On February 8, 2019, Defendant moved to dismiss the FAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) ("Motion to Dismiss or MTD").[1]  MTD, Dkt. Entry No. 38: *See,* MTD Opp., Dkt. Entry No. 43; MTD Reply, Dkt. Entry No. 48.  On March 31, 2021, the Court denied the Motion to Dismiss.  *See,* Memorandum and Order Denying MTD ("MTD M&O"), Dkt. Entry No. 50.

On August 2, 2022, more than four years after the February 2018 deadline to amend had expired, Plaintiff filed the instant motion to amend the pleadings and add new parties ("Motion to Amend" ("MTA") or "Motion"), seeking to add Oxford Health Plans (NY), Inc. and Oxford Health Insurance, Inc. (together, the "Oxford Parties") as defendants alleging the same eight causes of action asserted against Defendant.  *See,* MTA, Dkt. Entry No. 72.  Plaintiff contends that adding the Oxford [P]arties is necessary, in the interest of justice, to adjudicate those claims Defendant alleges it is not responsible for because they were administered by the Oxford Parties, not Defendant ("Oxford Claims").  *Id.* at 1.

On August 3, 2022, this Court referred the Motion to the Honorable Peggy Kuo, United States Magistrate Judge of this Court, for a Report and Recommendation ("R&R").  Defendant opposed the Motion and Plaintiff replied.  *See,* MTA Opp., Dkt. Entry No. 79; MTA Reply, Dkt. Entry. No. 83.  On March 29, 2023, the magistrate judge issued an R&R recommending that the Motion be denied.[2]  *See,* R&R, Dkt. Entry No. 87.  On April 12, 2023, Plaintiff timely objected to the R&R and, on May 10, 2023, Defendant timely responded.  *See,* Pl.'s Objs., Dkt. Entry No. 89;

---

[1] On April 5, 2019, the case was reassigned to this Court from the Honorable Joseph F. Bianco, then United States District Judge of this Court, and to the Honorable Peggy Kuo, United States Magistrate Judge of this Court from the Honorable Arlene R. Lindsay, United States Magistrate Judge of this Court.

[2] The Court assumes the parties' familiarity with the facts and procedural posture of this case as detailed in the R&R and will refer to only those facts necessary for resolution of the objections to the R&R.

Def.'s Resp. to Pl.'s Objs., Dkt. Entry No. 91. For the reasons set forth below, Plaintiff's objections are overruled, the R&R is adopted in its entirety, and Plaintiff's motion to amend the First Amended Complaint is denied in its entirety.

## **LEGAL STANDARD**

### I. Standard of Review of R&R

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects. *See*, Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the [R&R] only for clear error." *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations omitted). On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise…arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).

Nonetheless, a court will not "ordinarily…consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation omitted); *See, Ferreira v. Carranza*, 2022 WL 34610, at *2 (E.D.N.Y. Jan. 4,

3

2022) ("'In this circuit, it is established law that a district judge will not consider new arguments raised in objections to [an] [R&R] that could have been raised before the magistrate but were not.'") (quoting *United States v. Gladden*, 394 F. Supp.3d 465, 480 (S.D.N.Y. 2019)).

Separately, when there is no objection "to a magistrate judge's recommendation, [it] is reviewed, at most, for 'clear error.'" *Barrera v. F & A Rest. Corp.*, 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")). After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## II. Legal Standard for Amendment of the Complaint

Where a party seeks to amend a complaint after the period to amend as a matter of course has passed and the opposing party does not consent to amendment, Fed. R. Civ. P. 15 ("Rule 15") requires that the party obtain leave to amend from the Court. *See*, Rule 15(a)(2). Under Rule 15, a court "should freely give leave when justice so requires." *Id*. However, granting such leave is in the district court's discretion and it is well established that a court may deny leave to amend under Rule 15 "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *See, McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Where a party seeks to amend after the deadline in a scheduling order to do so has expired, Rule 15's lenient standard, providing that courts should grant leave to amend "freely," must be "balanced against" the more demanding standard set forth in Fed. R. Civ. P. 16 ("Rule 16"), which

4

provides that scheduling orders "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). Thus, a party seeking leave to amend after the deadline must establish "good cause" to do so under Rule 16 and "satisfy the requirements of Rule 15(a) to be granted leave to amend." *Speedfit LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at * 2 (E.D.N.Y. Oct. 19, 2015) (internal citations omitted).

Significantly, a finding of "'good cause' depends on the diligence of the moving party." *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 243 (2d Cir. 2007) (quoting *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 340 (2d Cir. 2000)). "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Guity v. Uniondale Union Free Sch. Dist.*, 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014). While diligence is the "primary consideration," a court "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the] defendant[]." *Kassner*, 496 F.3d at 243-44.

It is well established that a district court may deny leave to amend "after the deadline set in the scheduling order where the moving party has failed to establish good cause[.]" *Parker*, 204 F.3d at 340. Moreover, even where "good cause" is shown, a court may deny leave to amend under Rule 15 for "good reason," which, as noted above, includes futility, undue delay, bad faith, and prejudice. *See, e.g., Agoliati v. Block 865 Lot 300, LLC*, 2021 WL 3193239, at *2 (E.D.N.Y. Apr. 20, 2021), *R&R adopted*, 2021 WL 3188397 (E.D.N.Y. July 27, 2021). Notably, if the applicable statutes of limitations would bar a party's proposed amendments, the proposed amendments should be denied as futile under Rule 15(a), unless they "relate back" to the date of the original pleading, as defined by Rule 15(c)(1). *See,* Rule 15(c)(1)(A)-(C); *Zeng v. Chell*, 2022

WL 624873, at *10 (S.D.N.Y. Mar. 1, 2022).  The party opposing amendment bears the burden of establishing "good reason" for denial on any of Rule 15's grounds.  *Speedfit LLC*, 2015 WL 6143697, at *3.

## **DISCUSSION**

The magistrate judge recommended that the Court deny the Motion because: (1) Plaintiff unduly delayed filing the Motion and has failed to show good cause to permit amendment over four years after the deadline expired; (2) permitting amendment over five years after the action commenced would prejudice Defendant and delay the case's resolution significantly; and (3) in any event, the proposed amendments are futile because they are barred by the applicable statutes of limitations and the relation back doctrine does not apply.  *See,* R&R at 9, 15-16.

Defendant did not object to the R&R.  Plaintiff objects to the R&R on four grounds in that: (1) the magistrate judge disregarded facts justifying its delay in making the Motion and demonstrating it acted with sufficient diligence establishing "good cause" to amend at this juncture; (2) Defendant would not be prejudice nor would the case be unduly delayed by amending the complaint; (3) while the statutes of limitations have run for all claims, amendment would not be futile because the relation back doctrine should apply; and (4) even if Rule 15 and 16's requirements are not met, the magistrate judge failed to acknowledge that Defendant has engaged in "systematic deceptiveness [that] goes against the interest of justice." *See*, Pl.'s Obj.s at 2-8.

As discussed below, Plaintiff's first, second, and fourth objections are not properly raised because, in part, they raise arguments that already were addressed by the magistrate judge and, in part, present new arguments that could have been, but were not, raised before the magistrate judge. *See, Riley v. Rivers*, 2017 WL 1093193, at *2 (E.D.N.Y. Mar. 23, 2017).  While this Court need not consider these objections, it has reviewed them for clear error, out of an excess of caution and

6

has reviewed the R&R *de novo* only with respect to Plaintiff's third objection. Upon due consideration and review, for the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted in its entirety.

## I. Plaintiff's First Objection

Plaintiff first objects to the magistrate judge's conclusion that it failed to show "good cause" to permit amendment over four years after the deadline to amend had expired and, in any event, it had unduly delayed filing the Motion. *See,* Pl.'s Objs. at 2-6. Plaintiff contends that several findings by the magistrate judge underlying these conclusions are erroneous because she disregarded facts justifying the delay and demonstrate diligence. *Id.*

Plaintiff contests the magistrate judge's finding that it knew, or should have known, that the Oxford Parties were responsible for the plans covering some of the healthcare claims at issue as early as December 1, 2017, about three months before the deadline to amend, when it produced to Defendant a claims list with claims under headings labeled "Oxf.," "UHC," and "Empire Plan" ("2012 List"). *Id.* at 2-3; R&R at 7. Plaintiff argues that the production of the 2012 List did not put it on notice that its claims implicated the Oxford Parties because those "Oxf" claims "are just a category of plans that [Defendant] issues or administers" under the Oxford brand name. *See,* Pl.'s Objs. at 2-3. Specifically, Plaintiff asserts that a merger "between Oxford and UnitedHealthcare" took place in 2004, "result[ing] in Oxford remaining in name only as a 'brand.'" *Id.* at 3-4. However, this argument was raised before the magistrate judge who considered the 2004 merger and found it uninformative and not dispositive because, as Defendant stated in its papers, the Oxford entity involved in the merger, Oxford Health Plans, Inc., "is a separate entity from the parties Plaintiff seeks to add, *i.e.,* Oxford Health Plans (NY), Inc. and Oxford Health Insurance, Inc." *See,* R&R at 13-14 (citing MTA Opp. at 11). Since Plaintiff has not submitted

7

any evidence or law that the magistrate judge overlooked, the Court need only review this finding for clear error and, in doing so, it finds none.

Plaintiff next contests the magistrate judge's finding that, "[e]ven allowing for some ambiguity with regard to the 'Oxf.' descriptor in the 2012 List…, Plaintiff was *certainly* on notice by February 8, 2019, when Defendant filed [its] Motion to Dismiss[, which] stated *explicitly* that 'other legal entities *not named in this lawsuit*, including [the Oxford Parties,] insured or administered plans covering some of the claims." *Id.* at 7 (quoting MTD at 11) (emphasis added). Plaintiff concedes that Defendant "alleged it was not responsible for the 'Oxf.' claims in its [M]otion to [D]ismiss," but contends that it *still* had "no reason to move to include the Oxford Parties" because the Court denied the Motion to Dismiss, keeping all the claims "active" in the litigation. *See,* Pl.'s Objs. at 3. This argument could have been, but was not, raised before the magistrate judge and, thus, the Court need not consider it. *See, Riley*, 2017 WL 1093193, at *2. However, even if the Court were to consider it for clear error, it would find none.

As Defendant correctly points out in its responses to Plaintiff's objections, the Court denied the Motion to Dismiss "*without prejudice* and did not specifically address Defendant's argument regarding the claims related to [p]lans not administered or funded by [Defendant]." Def.'s Resp. to Pl.'s Objs. at 7-8. Indeed, the Court made no finding as to whether Defendant is responsible for the Oxford Claims, nor did it decide the motion on the ground that the Oxford Claims are attributable to Defendant. Thus, the Court's denial of the Motion to Dismiss does not constitute a ruling that Defendant is responsible for the Oxford Claims. Rather, had Plaintiff been exercising reasonable diligence, the Court's silence on the issue should have led Plaintiff to investigate the issue further. Accordingly, the Court's ruling on the Motion to Dismiss does not excuse or justify Plaintiff's delay in seeking leave to amend over three and a half years after Defendant gave notice

8

of its position on the Oxford Claims in the Motion to Dismiss.  Moreover, this argument fails to explain why Plaintiff did not seek leave to amend or, at minimum, seek an extension of the deadline to do so in the almost two-year window during which the Motion to Dismiss remained pending, particularly after seeing Defendant's assertions about the Oxford Claims.

Plaintiff also contests the magistrate judge's rejection of its argument that "Defendant had a history of assuming responsibility for all of the claims" and, while Defendant "alleged it was not responsible for the 'Oxf.' claims in its motion to dismiss," it did not "unequivocally" disclaim responsibility until July 2022.  *See,* Pl.'s Objs. at 3-4, 5.  Plaintiff maintains it was reasonable for it to continue believing that all the claims would be resolved until Defendant "definitively" stated otherwise in July 2022, at which point Plaintiff "expeditiously" moved to amend less than a month later.  *Id*. at 4-6.  However, this argument merely repeats the same argument that Plaintiff unsuccessfully raised before the magistrate judge.  *See, e.g.,* MTA Reply at 3; R&R at 8-9 (rejecting argument).  As such, the magistrate judge's rejection of Plaintiff's argument does not warrant *de novo* review, but, even if reviewed *de novo*, the Court finds no error and adopts the magistrate judge's finding.

In a futile effort to establish Defendant's "history" of assuming responsibility for the Oxford Claims, Plaintiff harps on: (1) a July 2018 mediation during which it claims the parties included the Oxford Claims in their discussions; and (2) March 2022 settlement discussions during which Defendant allegedly "considered" whether it would include the Oxford Claims in their discussions.  *See,* Pl.'s Objs. at 3-4.  However, as noted by the magistrate judge in the R&R, Plaintiff points to no evidence showing that Defendant assumed responsibility for the Oxford Claims at either of these points or at any point thereafter.  The only evidence Plaintiff provides is an email from March 2022 showing that defense counsel said he would consult Defendant

9

regarding Plaintiff's inquiry into whether Defendant "would mediate the Oxford [C]laims." *Id*. at 4.

However, consultation with a client is not akin to an assumption of responsibility. The magistrate judge found, and this Court concurs, that "[w]hile Plaintiff has demonstrated that it wanted to resolve all the benefits claims with Defendant without the need to add other defendants, it [also has] shown that Defendant never agreed to do so." *See,* R&R at 9. Moreover, Plaintiff ignores the fact that the magistrate judge identified multiple instances prior to March 2022 in which Defendant disclaimed responsibility for the Oxford Claims, each of which, at the minimum, should have provided Plaintiff with notice that it should have investigated the need to amend the complaint. *See, Int'l Media Films, Inc. v. Lucas Entm't, Inc*., at *4 (S.D.N.Y. March 20, 2008) (finding that, even though news article providing information that a party may be relevant to a suit "probably did not provide enough information to name [the party] as a defendant, [it] certainly should have piqued [Plaintiff's] curiosity" enough for it to "exercise[] reasonable diligence" in determining whether to add the party).

By Plaintiff's own admission, the first such instance was when Defendant disclaimed responsibility for the Oxford Claims in its Motion to Dismiss filed in 2019. Pl.'s Objs. at 3; *See also,* R&R at 2-3, 7 (discussing same); MTD at 11; Def.'s Resps. to Pl.'s Objs. at 6-7 (same). Then, in December 2021, the parties attended a settlement conference, during which they did not consider the Oxford Claims and, after which, Defendant sent Plaintiff an email maintaining that it did not cover certain of the healthcare claims in question. *See,* R&R at 3 (citing Email dated December 17, 2021, Dkt. Entry No. 78-3); Def.'s Resps. to Pl.'s Objs. at 10; Minute Entry dated December 8, 2021. Additionally, in March 2022, on the same day defense counsel said he would consult with his client about Plaintiff's inquiry into the Oxford Claims, he simultaneously rejected

10

a request from Plaintiff to consent to an extension of the deadline to add new parties and amend the pleadings.  Def.'s Resps. to Pl.'s Objs. at 10-11 (citing March 16, 2022 Email, Dkt. Entry No. 78-4).  In sum, Plaintiff's argument about Defendant's "assumption of responsibility" for the Oxford Claims lacks factual support and fails to justify its undue delay in moving to amend.

Lastly, none of Plaintiff's arguments justifying its delay support a showing of "good cause" under Rule 16.  As noted above, Rule 16's "good cause" analysis focuses on whether, in the exercise of reasonable diligence, a plaintiff could have uncovered the information needed to seek amendment in advance of the deadline to do so.  *See, Guity*, 2014 WL 795576, at \*4 (finding plaintiff failed to "prov[e] that she acted diligently in seeking to amend" where her "allegations d[id] not establish how or why she was unaware of the basis for her proposed amendments or why she could not have [moved to amend]…prior to the [] deadline").  Here, Plaintiff does not argue that it was not aware, or with reasonable diligence could not have been aware, of the facts necessary to amend its pleadings prior to the February 2018 deadline nor does Plaintiff argue that it discovered any necessary evidence forming the factual basis for its amendment after that point.  *See, e.g., Volunteer Fire Assoc. of Tappan, Inc. v. Cnty. of Rockland*, 2010 WL 4968247, at \*6 (S.D.N.Y. Nov. 24, 2010) (finding no good cause where plaintiff did not claim that it "discovered new information" after the deadline to amend had passed and "fail[ed] to explain why the information [that] it had…prior to [that deadline] was insufficient for it to amend [] timely"); *246 Sears Road Realty Corp. v. Exxon Mobil Corp.*, 2012 WL 4174862, at \*10 (E.D.N.Y. Sept. 18 2012) (finding no good cause where the factual basis of the claims was in its possession prior to the expiration of the amendment deadline).  Instead, Plaintiff maintains that Defendant's "refusal…to engage in discovery or settlement discussions on all of the claims at issue is what lead Plaintiff to file [this] [M]otion."  Pl.'s Objs. at 4.

However, "good cause and diligence under Rule 16 do not turn on when a plaintiff first becomes motivated to amend and/or add a party." *Ahmed v. Astoria Bank*, 2015 WL 4394072, at *3 (E.D.N.Y. July 16, 2015). Plaintiff's prior belief that the claims might be resolved in settlement or mediation "does not absolve [it] of [its] obligation to diligently pursue the identity of a party [it] may want to sue" and timely seek amendment or at least an extension of the deadline to do so. *See, G.E. v. City of New York*, 2017 WL 4357340, at *10 (E.D.N.Y. Sept. 29, 2017) (finding that the "fact that the parties devoted resources to settlement negotiations does not absolve [plaintiff] of her obligation to diligently pursue the identity of a party she may want to sue"). Plaintiff even admits to a lack of diligence on its part, noting that "it was perhaps an error on [its] part to not more aggressively and definitively seek an extension of the timeline to amend the pleadings or add parties in the scheduling order entered into following the [M]otion to [D]ismiss." Pl.'s Objs. at 4. While Plaintiff tries to excuse this "error" by claiming it did not anticipate that Defendant "would be obstructive" in this matter, its fails. As the magistrate judge correctly and astutely explained, "Plaintiff's persistence over the years in renewing in its requests that Defendant acquiesce in resolving the Oxford Parties' claims demonstrates Plaintiff's capacity for hope; it does not absolve it of its legal obligation to act diligently," especially given the multiple occasions in which Defendant disclaimed responsibility. R&R at 9.

Accordingly, Plaintiff has failed to show "good cause" to allow it to amend the complaint well over four years after the deadline to amend expired and over five years after the action's commencement. *See, e.g., Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir.1995) (finding it "entirely reasonable…to deny a request to amend a complaint that was filed two and one-half years after the commencement of the action"); *Oppenheimer & Co., Inc., v. Metal Mgmt., Inc.*, 2009 WL 2432729, at *4 (S.D.N.Y. July 31, 2009) (denying motion to amend filed seven months after

12

scheduling order's deadline even though discovery was not complete and prejudice to nonmovant "may well be minimal"); *Rapture Shipping Ltd. v. Allround Fuel Trading Chemoil B.V.*, 2006 WL 3057294, at *2 (S.D.N.Y. Oct. 27, 2006) (denying motion to amend for lack of good cause where motion was filed almost four years after action's commencement and over three years after scheduling order's deadline to amend expired). In sum, Plaintiff's first objection is overruled.

## II. Plaintiff's Second Objection

Next, Plaintiff objects to the magistrate judge's finding that Defendant would be prejudiced by allowing the proposed amendment over five years after the action's commencement. *See*, Pl.'s Objs. at 5; R&R at 9. Specifically, the magistrate judge found that adding the Oxford Parties "would significantly delay resolution of the case," as "[a]dditional time would be required for service of process on the [Oxford Parties], the Oxford Parties' response, a potential new motion to dismiss, and discovery by the Oxford Parties for the healthcare claims [they] administered." *See*, R&R at 9. Plaintiff objects, arguing that: (1) since Defendant's prior motion to dismiss the complaint was denied and any motion to dismiss by Oxford would be identical, filing such a motion would be futile; and (2) there would not be further delay from additional fact discovery because discovery already had been stalled due to Defendant's unwillingness to engage in discovery without the Oxford Parties. Pl.'s Objs. at 5. These arguments could have been, but were not, raised before the magistrate judge. As such, they are improperly before this Court, which need not consider them. *See, Riley*, 2017 WL 1093193, at *2. Even upon consideration for clear error, the Court finds none.

Plaintiff's assertion that any new motion to dismiss by Oxford would be "identical" to Defendant's Motion to Dismiss and, therefore, "futile" is speculative and unsubstantiated. Additionally, Plaintiff's assertion that additional discovery would not cause further delay due to

13

Defendant's unwillingness to engage in discovery is disingenuous, misleading and is not borne out by the record. A review of the docket clearly shows that the parties have engaged in discovery for years as to all claims that Defendant administered. *See, e.g.*, October 2022 Ext. Req., Dkt. Entry. No. 85 ("Defendant has produced the majority of documents request by the Plaintiff" and "[d]ue to the age of some of the claims at issue, it has taken…a significant amount of time to…produce the relevant claim files"). Defendant also confirmed that it "has fully responded to all of Plaintiff's discovery demands and produced discovery on the claims that it administered." Def.'s Resps. to Pl.'s Objs. at 11. Indeed, as of July 14, 2023, the parties provided that they "have made significant progress" on outstanding issues related to paper discovery and "believe their respective paper discovery issues will be resolved shortly[.]" *See*, July 2023 Ext. Req., Dkt. Entry No. 93. That Defendant has not produced discovery *as to claims that the Oxford Parties administered* is consistent with "the reality of the parties' separate corporate existence" and with the very reason the Motion to Amend is before this Court. Def.'s Resps. to Pl.'s Objs. at 11.

Even absent any prejudice to Defendant, the fact that Plaintiff has "failed to pursue amendment with diligence" alone is sufficient grounds to deny the Motion. *See, 246 Sears Road,* 2012 WL 4174862 at *9 ("[E]ven where the prejudice to the non-moving party may well be minimal, a failure to show good cause can warrant denial of a motion to amend.") Thus, this objection is overruled.

### III.     Plaintiff's Third Objection

Plaintiff further objects to the R&R maintaining that, while it is true that the applicable statutes of limitations have run on all claims, amendment would not be futile because the relation back doctrine should apply. *See,* Pl.'s Objs. at 6-8. Indeed, it is undisputed by the parties that the Oxford claims are barred by the applicable statutes of limitations. R&R at 12. Relation back "in

14

th[e] context [of an amendment that changes the parties to an action] can occur in two ways." *See, Girau v. Europower, Inc.*, 317 F.R.D. 414, 419-20 (S.D.N.Y. 2016). First, under Rule 15(c)(1)(C), known as the "federal rule," an amendment adding a new party relates back to the date of the original complaint when: (1) the desired amendment asserts a claim that arose out of the conduct set forth in the original pleading; (2) within 90 days of the filing of the original complaint, the party to be added received notice of the action such that "it will not be prejudiced in defending on the merits;" and (3) within the same 90 days, the party to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See,* Rule 15(c)(1)(C)(i)-(ii); Fed. R. Civ. P. 4(m); *Girau,* 317 F.R.D. at 420.

Second, under Rule 15(c)(1)(A), known as the "state rule," relation back is permitted "when 'the law that provides the applicable statute of limitations allows relation back.'" *In re Vitamin C Antitrust Litig.*, 995 F. Supp.2d 125, 132 (E.D.N.Y. 2014) (citing Fed. R. Civ. P. 15(c)(1)(A)). Under this rule, courts may apply state relation back law to all claims for which state law provides the statute of limitations. *Id.*

Here, the magistrate judge correctly found that the federal relation back doctrine does not apply because the test's second and third requirements are not satisfied. *See,* R&R at 12-15. For reasons discussed below, this Court adopts that finding.[3] Moreover, the magistrate judge correctly determined that New York relation back does not apply for the same reasons that federal relation back does not apply. *Id.* at 15. As the magistrate judge explained, "[t]he test for New York's relation back rule was 'patterned largely after the Federal relation back rule,'" and, thus, courts

---

[3] T magistrate judge did not address whether the first requirement of the federal relation back test is satisfied. This requirement looks at whether the desired amendments assert claims that arose out of the same conduct set forth in the original pleading. Plaintiff did not address this in its objections either. However, the Court need not decide this issue because its adoption of the magistrate judge's findings on the second and third requirements render the relation back doctrine inapplicable regardless.

15

have addressed the two tests together. *Id.* at 15 (citing *Buran v. Coupal*, 87 N.Y.2d 17, 178-80 (1995); *Girau*, 317 F.R.D. at 424); *See, e.g., In re Vitamin C,* 995 F. Supp.2d at 132 (declining to conduct separate analysis under state law after having found no relation back under Rule 15 and reaching same conclusion under state law).

Here, Plaintiff only objects to the magistrate judge's finding that the second relation back requirement is not met. In reviewing the magistrate judge's unopposed finding regarding the third requirement for clear error, this court finds no error and adopts it. In doing so, the Court could end its analysis here, as failure to satisfy any of the doctrine's requirements renders the doctrine inapplicable. However, for the sake of completeness, the Court has considered Plaintiff's objection regarding the second requirement, which is overruled for the following reasons.

A party may satisfy the second relation back requirement, *i.e.*, whether the parties to be added received notice of the action within 90 days of the original complaint's filing date, by showing that the parties received actual or constructive notice. *Girau,* 317 F.R.D. at 421. When "two defendants are so 'closely related in their business activities or linked in their corporate structure' as to have an 'identity of interest'…'the institution of an action against one party will constitute imputed notice' to the related party." *Hahn v. Off. & Pro. Emps. Int'l Union*, AFL-CIO, 107 F. Supp.3d 379, 384 (S.D.N.Y. 2015) (internal citation omitted). Thus, a party may establish constructive notice by showing a shared "identity of interest" between the existing parties and the parties to be added. *See*, *Girau,* 317 F.R.D. at 421-23. As the magistrate judge correctly explained, "for there to be an identity of interest, there must be 'substantial structural and corporate identity, such as shared organizers, officers, directors, and offices.'" R&R at 11 (citing *In re Allbrand Appliance & Tel. Co.*, Inc., 875 F.2d 1021, 1025 (2d Cir. 1989)).

Here, Plaintiff concedes that it did not serve the Complaint on the Oxford Parties who thus did not receive actual notice of the action, but contends that the Oxford Parties received constructive notice because they have a "shared identity" with Defendant such that timely service of the action upon Defendant provided timely, imputed notice to the Oxford Parties.  *See,* MTA Reply at 5; Pl.'s Objs. at 7.  Plaintiff argues that the magistrate judge erred for two reasons.

First, Plaintiff takes issue with the magistrate judge's finding that the facts it alleged do not establish a "substantial structural and corporate identity" between Defendant and the Oxford Parties.  *Id*. at 6-7.  Specifically, Plaintiff contends that: (1) the facts that the magistrate judge found absent here are not required to demonstrate identity of interest; and (2) in any event, Plaintiff did allege such facts.  *Id*.  The former contention fails because Plaintiff did not provide any examples of other facts that might demonstrate an identity of interest nor does it contend that any such facts are present here.  As to the latter contention, Plaintiff maintains that the magistrate judge ignored the fact that "the underlying [M]otion contain[ed]…various press releases and publications showing that[,] as a result of [the 2004] merger between the companies[,] they will have shared offices, in Trumbull, Connecticut; shared common stock; and shared leadership, including the same CEO, Charles Berg."  Pl.'s Objs. at 7 (citing MTA at Exhibits B-C, ECF pages 8-15).  According to Plaintiff, these merger publication documents showed the existence of a shared identity because they evince a merging of business operations and officers.  *Id*.  However, this argument misses the point.  As discussed above, the magistrate judge found the merger irrelevant because the Oxford entity involved in the merger is a separate entity from the Oxford Parties.  R&R at 13-14.  Thus, the magistrate judge properly concluded that this evidence "ha[d] no bearing on whether the Oxford Parties and [Defendant] shared an identity [of] interest" here.  R&R at 14.  Thus, Plaintiff's objection on this ground is overruled.

17

Second, Plaintiff argues that the magistrate judge erred in finding a lack of notice in using incorrect dates in calculating the 90-day window within which such notice must be provided. Pl.'s Objs. at 7. Plaintiff states that the magistrate judge incorrectly began calculating the window from May 5, 2016, the date Plaintiff filed the initial summons in state court, instead of from May 22, 2017, the date Plaintiff filed the Complaint and amended summons in state court. *Id*. While Plaintiff is correct that May 22, 2017, the date the Complaint was filed, is the proper date from which to begin calculating the 90-day window, this error is immaterial. *Id*. The magistrate judge found, and Plaintiff does not contest, that it did not serve the Complaint upon the Oxford Parties or otherwise provide them with actual notice. R&R at 13. Plaintiff's contention fails on the additional ground that the Oxford Parties and Defendant do not have a shared identity, thus service on Defendant is not constructive service on the Oxford Parties. As Plaintiff failed to establish that the Oxford Parties received actual or constructive notice of this action, neither the federal nor state relation back doctrine applies and this objection is overruled.

### III.  Plaintiff's Fourth Objection

Plaintiff's final objection is that "the R&R also fails to acknowledge that[,] even if all of the allegations and statements made by Defendant are true . . . it should be noted that it is only as a result of a corporate scheme by Defendant to avoid its obligations to patients and providers to pay for necessary medical care" and "[s]uch systematic deceptiveness goes against the interest of justice and adjudicating cases on the merits." Pl.'s Objs. at 8. Plaintiff did not make this argument before the magistrate judge. Thus, this Court need not consider it. Moreover, this argument serves as a "prime example of an improper objection to an R&R that fails to set forth a specific and clear objection aimed at [a] particular finding in the magistrate judge's decision." *Riley*, 2017 WL 1093193, at *2. Lastly, even if this Court were to consider the objection, it lacks merit as Plaintiff's

18

allegations of "deceptiveness" and "corporate schemes" are unsupported by the record. Indeed, these specious, gratuitous allegations are contradicted by evidence that Defendant disclaimed responsibility for the Oxford Claims several times during the course of this case as discussed above. Accordingly, Plaintiff's final objection is overruled. Having reviewed the remainder of the R&R for clear error, this Court finds none.

## **CONCLUSION**

Upon due consideration and review, for the reasons set forth above, Plaintiff's objections are overruled and the R&R is adopted in its entirety. Accordingly, Plaintiff's motion to amend is denied and this matter is referred to the magistrate judge for further pretrial proceedings, including settlement discussions.

SO ORDERED

Dated: Brooklyn, New York
       September 20, 2023

/s/
DORA L. IRIZARRY
United States District Judge